# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNEY RAY WHITE,<br><br>Plaintiff,<br><br>v.<br><br>FRESNO COUNTY PUBLIC DEFENDER, COUNTY OF FRESNO, ERIN M. DACAYANAN, and FRESNO COUNTY DISTRICT ATTORNEY,<br><br>Defendants. | CASE NO. 1:18-cv-01220-DAD-SKO<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(Doc. 1)**<br><br>**THIRTY (30) DAY DEADLINE** |

## I. INTRODUCTION

Plaintiff, Darney Ray White, is a prisoner in the custody of Fresno County Jail. On September 6, 2018, Plaintiff, proceeding pro se, filed a civil complaint against Defendants Fresno County Public Defender, County of Fresno, Erin M. Dacayanan, and Fresno County District Attorney. (Doc. 1.) Plaintiff purports to allege causes of action under 42 U.S.C. § 1983 ("Section 1983") for violations of his "Sixth Amendment due process rights," false imprisonment, and filing

1 of false charges. (*Id.* at 3–5.) Plaintiff seeks compensatory damages in the amount of $60 million dollars. (*Id.* at 6, 8.) Plaintiff also filed an application to proceed *in forma pauperis*, которая was granted on September 24, 2018. (Docs. 4 & 6.)

Plaintiff's complaint is now before the Court for screening. The Court finds Plaintiff has not stated a cognizable claim, but may be able to correct the deficiencies in his pleading. Thus, Plaintiff is provided the pleading and legal standards for his claims and is granted leave to file a first amended complaint.

### A. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity and in cases where the plaintiff is proceeding *in forma pauperis*. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

The Court's screening of the complaint is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### B. Pleading Requirements

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, since plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citations omitted)

## II.  DISCUSSION

### A.  Plaintiff's Allegations

Plaintiff alleges that on November 6, 2017, the Fresno County District Attorney improperly charged Plaintiff with second degree robbery when "the law is clear that under the circumstances related to the case warranted the charges of petty theft." (Compl. at 5.) According to Plaintiff, he "stole some perfume from Victoria Secret and put them in his backpack." (*Id.*) Plaintiff contends

that as he left the store, a "merchandise alarm sounded," and, once he was "several feet outside the store" and "had completed the taking," a security guard "charged at" Plaintiff. (*Id*.) According to Plaintiff, the security guard claimed that Plaintiff "swung a knife at him and missed," and thus the "intent to bring about force and fear was clearly after-the-taking," making the appropriate charge "theft not robbery." (*Id*.)

Plaintiff further alleges the Fresno County Public Defender "collude[ed]" with the Fresno County District Attorney to violate Plaintiff's "Sixth Amendment Due Process rights" by "having a policy of assigning the least experienced lawyers on the staff on a case without training or experience in the special demands that my case required." (Compl. at 3.) Plaintiff alleges Erin M. Dacayanan, who was appointed by the Fresno County Public Defender to defend Plaintiff in his pending state court criminal case, was "incompetent and guilty of legal malpractice," which resulted in Plaintiff being "subjected to charges that did not apply to law and contribut[ed] to Plaintiff being deprived of 4 months of loss of liberty." (*Id.*) Plaintiff contends further that County of Fresno "is guilty of due process rights" by maintaining a "policy denying access to legal research for the accused unless the person is representing themselves in an issue related to their confinement." (Compl. at 4.)

### B. Plaintiff Fails to Allege a Claim Under Section 1983

Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To state a cognizable claim under Section 1983, a plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976). It is the plaintiff's burden in bringing a claim under Section 1983 to allege, and ultimately establish, that the named defendants were acting under color of state law when they deprived him of a federal right. *Lee v. Katz*, 276 F.3d 550, 553–54 (9th Cir.

4

2002).

A plaintiff must further demonstrate that each defendant personally participated in the deprivation of his or her rights. *Iqbal*, 556 U.S. at 676-77; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009). Plaintiff must clearly identify which defendant(s) he believes are responsible for each violation of his constitutional rights and the supporting factual basis, as his complaint must put each defendant on notice of Plaintiff's claims against him or her. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

### 1. Plaintiff's Claim Against Deputy Public Defender Erin M. Dacayanan

Plaintiff attempts to state a claim under Section 1983 against Fresno County Deputy Public Defender Erin M. Dacayanan for inadequately advocating on his behalf while representing Plaintiff in state court. Specifically, Plaintiff alleges that Ms. Dacayanan "allowed him to be subjected to charges that did not apply to law" and took no action even when she knew Plaintiff was "falsely charged." (Compl.at 3.) Plaintiff contends that Ms. Dacayanan's inaction and "lack of awareness of crucial case factors" rendered her "incompetent" and "guilty of legal malpractice" in violation of his rights under the Sixth Amendment. (*Id.*)

The Sixth Amendment to the United States Constitution provides an accused in a criminal prosecution with certain rights, including the assistance of counsel in his defense. U.S. Const. Amend. VI. The U.S. Supreme Court has concluded that public defenders do not act under color of state law because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor. *Polk County v. Dodson*, 454 U.S. 312, 321 (1981). *See also Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Vermont v. Brillon*, 556 U.S. 81, 91 (2009) (assigned public defender is ordinarily not considered a state actor); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008). As a result, Plaintiff cannot state a Section 1983 claim for damages against Fresno County Deputy Public Defender Erin M. Dacayanan based on the allegations set forth in the complaint. Accordingly, this claim is improper under Section 1983. Instead, as discussed below, such a claim may properly be brought in a petition for writ of habeas corpus, following exhaustion of applicable state remedies. *See* 28 U.S.C. § 2254.

Section 1983 and "the federal habeas corpus statute . . . both provide access to the federal courts 'for claims of unconstitutional treatment at the hands of state officials . . . [but] they differ in their scope and operation.'" *See Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003) (quoting *Heck v. Humphrey*, 512 U.S. 477, 480 (1994)). Federal courts must take care to prevent prisoners from relying on Section 1983 to subvert the differing procedural requirements of habeas corpus proceedings under 28 U.S.C. § 2254. *See Heck*, 512 U.S. at 486–87; *see also Simpson v. Thomas*, 528 F.3d 685, 695 (9th Cir. 2008). When a prisoner challenges the legality or duration of his custody, raises a constitutional challenge which could entitle him to an earlier release (such as ineffective assistance of counsel), or seeks damages for purported deficiencies in his state court criminal case, his sole federal remedy is the writ of habeas corpus. *See Heck*, 512 U.S. at 481–82; *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Wolf v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Moreover, when seeking damages for an allegedly unconstitutional imprisonment, a Section 1983 plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 487–88. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under [Section] 1983." *Id.* at 488.

Plaintiff's allegations against Fresno County Deputy Public Defender Erin M. Dacayanan, as detailed above, appear to sound in a claim for ineffective assistance of counsel related to his appointed attorney in his criminal case. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 584–85 (9th Cir. 1995) (affirming dismissal of Section 1983 claim against public defender for ineffective assistance of counsel). That is, at its core, Plaintiff's claim raises "a constitutional challenge which could entitle him to an earlier release" such as ineffective assistance of counsel, and "seek[s] damages for purported deficiencies in his state court criminal case." *See Heck*, 512 U.S. at 481–82. Plaintiff must bring any such claims in a petition for a writ of habeas corpus. Any such claim may be filed in a federal district court only after the petitioner has exhausted the remedies available in state court. *See* 28 U.S.C. § 2254(b).

In sum, Plaintiff's claims for damages against Fresno County Deputy Public Defender Erin M. Dacayanan under Section 1983 are not cognizable and subject to dismissal without prejudice to Plaintiff pursuing any habeas claims in a habeas corpus action.[1]

### 2. Plaintiff's Claim Against the Fresno County Public Defender

Plaintiff asserts that the Fresno County Public Defender has a "policy of assigning the least experienced lawyers on the staff on a case without training or experience in the special demands that my case required" in violation of his rights under the Sixth Amendment. (Compl. at 3.) As discussed above, the Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County*, 454 U.S. at 325. However, while the exercise of "independent professional judgment in a criminal proceeding" does not provide the basis for Section 1983 liability, the Court left open the possibility that a public defender might act under color of state law "while performing certain administrative and possibly investigative functions." *Id*. at 324–25.

In *Miranda v. Clark County*, 319 F.3d 465, 471 (9th Cir. 2003), the Ninth Circuit illustrated this possibility by holding that the complaint stated a valid claim against a county public defender in his official capacity, where it alleged "a policy of assigning the least-experienced attorneys to capital cases without providing any training, thus demonstrating callous indifference to the defendant's constitutional rights." *Id*. at 471. The complaint further alleged that this practice was not one isolated incident, but "a deliberate pattern and policy of refusing to train lawyers for capital cases known to the county administrators to exert unusual demands on attorneys." *Id*. The Ninth Circuit, on rehearing *en banc*, held that these allegations were sufficient to create a claim of "deliberate indifference to constitutional rights" for failing to train lawyers to represent clients accused of capital crimes. *Id*. The "policy" was implemented by the public defender in his administrative role, and thus was under color of state law for Section 1983 purposes. *Id*.

The plaintiff in the *Miranda* case was able to point to specific and concrete investigative policies employed by the Public Defender's Office *before* it undertook to represent the plaintiff.

---

[1] If Plaintiff chooses to file a habeas corpus petition, he may do so in a new action, with a new case number, on the court-approved forms, accompanied by either a completed application to proceed *in forma pauperis* or the filing fee.

*Miranda*, 319 F.3d at 469-471. Here, however, Plaintiff has alleged no facts to support the conclusion that the Fresno County Public Defender was engaged in investigatory, administrative, or policy-making conduct when it allegedly violated his rights. Plaintiff's conclusory statements that the Fresno County Public Defender had a "policy," without more, is insufficient to state a claim. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). *See also AE v. Cty. of Tulare*, 666 F.3d 631, 636-38 (9th Cir. 2012) (it is not sufficient for purposes of municipal liability under Section 1983 to merely allege that a policy, custom or practice existed or that an individual's wrongdoing conformed to a policy, custom or practice). Moreover, Plaintiff's allegations strongly suggest that the "policy" about which he complains is not a "deliberate pattern and policy of refusing to train" attorneys in the defense of robbery or theft cases, but is instead a single incident specific to the defense of *his* robbery case, for which liability under Section 1983 would not attach. (*See* Compl. at 3 (Fresno County Public Defender has a "policy of assigning the least experienced lawyers on the staff on a case without training or experience in the special demands that *my case* required") (emphasis added).)

Because Plaintiff had not pleaded facts sufficient for the Court to determine whether the Fresno County Public Defender was acting under color of state law, he has failed to state a claim under Section 1983. Leave to amend is granted so that Plaintiff may attempt to allege a Section 1983 against the Fresno County Public Defender, keeping in mind that such claim, even if sufficiently pleaded, may ultimately be stayed under *Heck*.[2] *See Dean v. Pub. Defender Office*, No. 2:08–cv–0544-RCJ–RJJ, 2010 WL 1628706, at *3 (D. Nev. Apr. 21, 2010); *Reinhardt v. Santa Clara Cty.*, No. C05-05143 HRL, 2006 WL 662741, at *4 (N.D. Cal. Mar. 15, 2006). In his

---

[2] The Court takes judicial notice, *see* Fed. R. Evid. 201(b), of the Fresno County Superior Court docket showing that Plaintiff has upcoming settings and the matter has not been re-set for trial. *Heck* "is called into play only when there exists 'a conviction or sentence that has not been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'" *Wallace v. Kato*, 549 U.S. 384, 393 (2007). While *Heck* does not require dismissal of claims that would "impugn an anticipated future conviction," "[i]f a plaintiff . . . files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial, it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id*. at 393–94. *See also Peyton v. Burdick*, 358 F. App'x 961 (9th Cir. 2009) (staying case where the Section 1983 claims "implicate rulings that are likely to be made in the pending state court criminal proceeding"). "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *See Wallace*, 549 U.S. at 393.

amended complaint, Plaintiff must describe how the specific policies are improper or specifically how the training is inadequate. *See Welch v. O'Neal*, Case No. 15–cv–0725–TEH, 2015 WL 3919615, at *2 (N.D. Cal. June 25, 2015).

### 3. Plaintiff's Claim Against the Fresno County District Attorney

In the complaint, Plaintiff attempts to assert a Section 1983 claim against the Fresno County District Attorney based on allegations that they "brought improper charges" to hold Plaintiff to answer for second degree robbery instead of petty theft. (Compl. at 5.) Plaintiff also claims that the Fresno County District Attorney falsely imprisoned him. (*Id.*)

Prosecutors are absolutely immune from civil suits for damages under Section 1983 that challenge activities related to the initiation and presentation of criminal prosecutions. *Imbler v. Patchtman*, 424 U.S. 409, 424–28, 431 (1976); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 342–43 (2009); *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir .2005); *Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir. 1984) (holding prosecutorial immunity extends to actions during both the pre-trial and post-trial phase of a case). Here, Plaintiff's allegations relate to functions intimately associated with a criminal prosecution. (*See* Compl. at 5.) As a result, Plaintiff's claims against the Fresno County District Attorney are subject to dismissal on grounds of prosecutorial immunity. *Imbler*, 424 U.S. 409; 28 U.S.C. § 1915A(b)(2); 28 U.S.C. § 1915(e)(2)(b)(iii).

### 4. Plaintiff's Claim Against the County of Fresno

Plaintiff alleges that the County of Fresno denied his "Sixth Amendment due process rights" by "having a policy denying access to legal research for the accused" unless that person is representing themselves of representing themselves in an issue related to their confinement. (*See* Compl. at 5, 8.) At the outset, Plaintiff's purported "Sixth Amendment" claim is alleged in error, as the Ninth Circuit has explained that where it is clear from the complaint that plaintiff's action is based on the right of access to the courts, as is Plaintiff's claim for denial of access to legal research, a claim under the Sixth Amendment is "inappropriate" because the right of access to the courts is "covered under the Due Process Clause" of the Fourteenth Amendment, not the Sixth Amendment. *Gillespie v. Civiletti*, 629 F.2d 637641 n.2 (9th Cir. 1980). Therefore, the Court will construe Plaintiff's "Sixth Amendment due process" claims as a single "access to the courts" claim under the

9

Fourteenth Amendment.

The Supreme Court has held that the right of access to the courts requires prison authorities to provide prisoners with "the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis v. Casey*, 518 U.S. 343, 356 (1996). S*ee also id.* at 354–55 (The right to access the courts is limited to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement.) Prison officials must, for example, "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). The scope of the right of access is, however, very limited. Prisoners are only entitled to "the minimal help necessary" to file non-frivolous legal claims. *Casey*, 518 U.S. at 360. The Constitution does not require "that prisoners (literate or illiterate) be able to conduct generalized research, but only that they be able to present their grievances to the courts." *Id*.

A prisoner alleging a violation of his right of access to the courts must demonstrate that he has suffered "actual injury." *Lewis*, 518 U.S. at 349–50. "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Id*. at 351. As the Ninth Circuit has held, jail officials are not constitutionally compelled to provide "ideal" access to the courts, and plaintiff's allegations of limited access to phones, law libraries and legal materials are insufficient to satisfy the "actual injury" requirement. Rather, in order to state an adequate claim for denial of access to the courts, plaintiff must set forth factual allegations that he suffered "actual prejudice to contemplated or existing litigation, such as "the inability to meet a filing deadline or to present a claim." *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011). *See also Lewis*, 518 U.S. at 351 (In order to show actual injury, the inmate "must go one step further and demonstrate that the library or legal assistance program hindered his efforts to pursue a legal claim.") The "actual injury" requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Lewis*, 518 U.S. at 353.

Here, Plaintiff has not pleaded that he has suffered any "actual injury" suffered as of result

of the County of Fresno's "policy denying access to legal research for the accused." Instead, Plaintiff alleges that his harm was being "provided incompetent representation" and "falsely imprisoned." (Compl. at 4.) Such allegations do not give rise to a cognizable Section 1983 claim against the County of Fresno. If Plaintiff's court-appointed attorney's assistance was effective under the Sixth Amendment, Plaintiff received all the due process to which the Constitution entitles him. If, on the other hand, the assistance was constitutionally inadequate, Plaintiff's remedy is not to seek damages against the County for denial of access to the courts; rather, his only recourse is a post-conviction relief petition in state court alleging ineffective assistance of appellate counsel in violation of the Sixth Amendment, as discussed above. To hold otherwise "would subject [a municipality] to liability whenever a prisoner's court-appointed attorney provides ineffective assistance of counsel in a criminal proceeding. This is not the law."[3] *Hanley v. Stewart*, 21 F. Supp. 2d 1088, 1092 (D. Ariz. 1998).

### III. CONCLUSION AND ORDER

As noted above, the Court will provide Plaintiff with an opportunity to amend his claims and cure, to the extent possible, the identified deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendants did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (*en banc*). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Rule 220, Local Rules of the United States District Court, Eastern District of California.

---

[3] Even if Plaintiff could allege facts to show that the County of Fresno actually caused appointed counsel to be ineffective because, for example, the deprivation of access to legal research somehow hindered counsel's efforts to present a legal claim, such a claim for damages against the County would also potentially be stayed under *Heck*. *See* Section II.B.2 n.2, *supra*.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a cognizable federal claim;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and
3. **If Plaintiff fails to file an amended complaint in compliance with this order, the undersigned will recommend to the assigned district judge that this action be dismissed for failure to state a claim and to obey a court order.**

IT IS SO ORDERED.

Dated: **November 6, 2018**　　　　　　　　/s/ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE