# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNEY RAY WHITE,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>FRESNO COUNTY PUBLIC DEFENDER, COUNTY OF FRESNO, ERIN M. DACAYANAN, and FRESNO COUNTY DISTRICT ATTORNEY,<br><br>　　　　　　Defendants. | Case No. 1:18-cv-01220-DAD-SKO<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FOR FAILURE TO STATE A CLAIM**<br><br>**(Doc. 7)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff, Darney Ray White, is a prisoner in the custody of Fresno County Jail. On September 6, 2018, Plaintiff, proceeding pro se, filed a civil complaint against Defendants Fresno County Public Defender, County of Fresno, Erin M. Dacayanan, and Fresno County District Attorney. (Doc. 1.) Plaintiff purports to allege causes of action under 42 U.S.C. § 1983 ("Section 1983") for violations of his "Sixth Amendment due process rights," false imprisonment, and filing of false charges. (*Id.* at 3–5.) Plaintiff seeks compensatory damages in the amount of $60 million dollars. (*Id.* at 6, 8.) Plaintiff also filed an application to proceed *in forma pauperis*, which was granted on September 24, 2018. (Docs. 4 & 6.)

On November 7, 2018, the undersigned issued a screening order finding that Plaintiff failed to state any cognizable claims and granted Plaintiff thirty days leave to file an amended complaint curing the pleading deficiencies identified in the order. (Doc. 7.) Although more than the allowed time has passed, Plaintiff has failed to file an amended complaint or otherwise respond to the Court's screening order.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court

of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. *See also* Local Rule 183(a). ""District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**Accordingly, Plaintiff is ORDERED to show cause, within twenty-one (21) days of the date of service of this Order, why a recommendation should not issue for this action to be dismissed for Plaintiff's failure comply with the Court's November 7, 2018 screening order by not filing an amended complaint within the specified period of time and for failure to state a cognizable claim.** Alternatively, within that same time period, Plaintiff may file an amended complaint or a notice of voluntary dismissal. The Court further CAUTIONS Plaintiff that, if he fails to take action as set forth above within twenty-one (21) days of the date of service of this order, the Court will recommend to the presiding district court judge that this action be dismissed, in its entirety.

The Court DIRECTS the Clerk to send a copy of this Order to Plaintiff at his address listed on the docket for this matter.

IT IS SO ORDERED.

Dated: __**December 14, 2018**__  /s/ *Sheila K. Oberto*
                                                                  UNITED STATES MAGISTRATE JUDGE