# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNEY RAY WHITE,<br><br>        Plaintiff,<br><br>v.<br><br>FRESNO COUNTY PUBLIC DEFENDER, COUNTY OF FRESNO, ERIN M. DACAYANAN, and FRESNO COUNTY DISTRICT ATTORNEY,<br><br>        Defendants. | Case No. 1:18-cv-01220-DAD-SKO<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO STATE A CLAIM**<br><br>**(Docs. 1, 7, 8)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

        Plaintiff, Darney Ray White, is a prisoner in the custody of Fresno County Jail. On September 6, 2018, Plaintiff, proceeding pro se, filed a civil complaint against Defendants Fresno County Public Defender, County of Fresno, Erin M. Dacayanan, and Fresno County District Attorney. (Doc. 1.) Plaintiff purports to allege causes of action under 42 U.S.C. § 1983 ("Section 1983") for violations of his "Sixth Amendment due process rights," false imprisonment, and filing of false charges. (*Id.* at 3–5.) Plaintiff seeks compensatory damages in the amount of $60 million dollars. (*Id.* at 6, 8.) Plaintiff also filed an application to proceed *in forma pauperis*, which was granted on September 24, 2018. (Docs. 4 & 6.)

        On November 7, 2018, the undersigned issued a screening order finding that Plaintiff failed to state any cognizable claims and granted Plaintiff thirty days leave to file an amended complaint curing the pleading deficiencies identified in the order. (Doc. 7.) Although more than the allowed time has passed, Plaintiff has failed to file an amended complaint or otherwise respond to the Court's screening order.

        On December 17, 2018, an order issued for Plaintiff to show cause within twenty-one days why the action should not be dismissed for his failure to comply with the Court's order and for

failure to state a claim. (Doc. 8.) Plaintiff was warned that the failure to comply with the Court's order would result in a recommendation to the presiding district judge of the dismissal of this action. (*Id.*) Plaintiff has not yet filed any response.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. *See also* Local Rule 183(a). "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Based on Plaintiff's failure to comply with, or otherwise respond to, the order that dismissed the complaint, there is no alternative but to dismiss the action for his failure to respond to/obey a court order, failure to prosecute, and failure to state a cognizable claim.

Accordingly, it is **HEREBY RECOMMENDED** that this action be dismissed, with prejudice, for Plaintiff's failure to obey the Court's order, to prosecute this action, and to state a cognizable claim.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). **Within twenty-one (21) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Court DIRECTS the Clerk to send a copy of this Order to Plaintiff at his address listed on the docket for this matter.

IT IS SO ORDERED.

Dated: **January 11, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE