# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNEY RAY WHITE,<br><br>        Plaintiff,<br><br>v.<br><br>FRESNO COUNTY PUBLIC DEFENDER, COUNTY OF FRESNO, ERIN M. DACAYANAN, and FRESNO COUNTY DISTRICT ATTORNEY,<br><br>        Defendants. | Case No. 1:18-cv-01220-DAD-SKO<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDER, FAILURE TO STATE A CLAIM, AND FAILURE TO PROSECUTE**<br><br>**(Docs. 7, 12)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

      Plaintiff, Darney Ray White, is a prisoner in the custody of Fresno County Jail. On September 6, 2018, Plaintiff, proceeding pro se, filed a civil complaint against Defendants Fresno County Public Defender, County of Fresno, Erin M. Dacayanan, and Fresno County District Attorney. (Doc. 1.) Plaintiff purports to allege causes of action under 42 U.S.C. § 1983 ("Section 1983") for violations of his "Sixth Amendment due process rights," false imprisonment, and filing of false charges. (*Id.* at 3–5.) Plaintiff seeks compensatory damages in the amount of $60 million dollars. (*Id.* at 6, 8.) Plaintiff also filed an application to proceed *in forma pauperis*, which was granted on September 24, 2018. (Docs. 4 & 6.)

      On November 7, 2018, the undersigned issued a screening order finding that Plaintiff failed to state any cognizable claims and granted Plaintiff thirty days leave to file an amended complaint curing the pleading deficiencies identified in the order. (Doc. 7.) Plaintiff was served with the screening order that same day. (*See* Docket.) Plaintiff failed to file an amended complaint or otherwise respond to the Court's screening order.

On December 17, 2018, an order issued for Plaintiff to show cause within twenty-one days why the action should not be dismissed for his failure to comply with the Court's order and for failure to state a claim. (Doc. 8.) Plaintiff was warned that the failure to comply with the Court's order would result in a recommendation of dismissal to the presiding district judge. (*Id.*) Although more than twenty-one days have passed, Plaintiff has failed to respond to the undersigned's order to show cause. On January 14, 2019, the undersigned issued findings and recommendation in which she recommended that the Court dismiss the action due to Plaintiff's failure to obey the Court's orders, to prosecute this action, and to state a cognizable claim. (Doc. 9.)

On January 23, 2019, Plaintiff filed a document titled "Objections to Magistrate Judge's Findings and Recommendation," in which he stated that the "never received the November 7, 2018, screening order." (Doc. 10 at 1.) To afford Plaintiff an opportunity to attempt to correct the deficiencies in his pleading, the undersigned deemed his "Objections" as a response—albeit untimely—to the Order to Show Cause and withdrew its Findings and Recommendation. (Doc. 11.) Plaintiff was served a copy of the Court's November 7, 2018, screening order, which sets forth the pleading and legal standards for his claim and was granted leave to file a first amended complaint within thirty days of service. (*See id.*) Although more than the allowed time has passed, Plaintiff failed to file an amended complaint or otherwise respond.

On March 12, 2019, an order issued for Plaintiff to show cause ("OSC") within twenty-one days why the action should not be dismissed for his failure to comply with the Court's November 7, 2018 screening order. (Doc. 12.) When served at Plaintiff's address of record, the OSC was returned as undeliverable on April 1, 2019. Local Rule 183(b) provides that:

> A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

L.R. 183(b). Although more than sixty-three days have passed since the OSC was returned as undeliverable, Plaintiff has neither responded to the OSC, nor contacted the Court to request an extension or to otherwise explain his lack of compliance with the OSC.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. *See also* Local Rule 183(a). ""District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Based on Plaintiff's failure to comply with, or otherwise respond to, the order dismissing his complaint and his failure to keep his address updated, there is no alternative but to recommend that the action be dismissed for failure to respond to/obey a court order, failure to prosecute, and failure to state a cognizable claim.

Accordingly, it is **HEREBY RECOMMENDED** that this action be dismissed, with prejudice, for Plaintiff's failure to obey the Court's order, to prosecute this action, and to state a cognizable claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). **Within twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 6, 2019**    /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE